DELAWARE INSURANCE COMPANY v. RAFAEL BONNET ET AL.

Decided December 12, 1898.

1. **Fire Insurance—Stating Interest of Insured.**

That property was insured in the name of a former firm of which insured had been a member and had then continued the business in the firm name, does not render the policy void under the clause providing that it shall be void if the interest of the insured is otherwise than sole and exclusive ownership, or if his interest be not truly stated.

2. **Parol Evidence of Matters of Record.**

A party who introduces parol evidence of the indictment of the other party can not complain of the introduction by the latter of parol evidence of his acquittal under the indictment, although the record would be the best evidence of acquital.

APPEAL from Maverick. Tried below before Hon. WALTER GILLIS.

*Upson, Bergstrom & Newton,* for appellant.

*James M. Goggan* and *Winchester Kelso,* for appellees.

JAMES, CHIEF JUSTICE.—Action by Rafael Bonnet and the First National Bank of Eagle Pass against the appellant on two fire policies aggregating in amount $2000 on a stock of merchandise. Verdict for plaintiff for $1500, it being three-quarters of the amount of the policies and the limit of recovery possible under the facts and the terms of the policy.

We conclude as follows as to the evidence: That there was testimony from which the jury might find, as they did, in favor of plaintiffs that Bonnet did not burn the goods; that he substantially complied with the iron safe clause of the policy; that he had unconditional and sole ownership of the property insured, and that he in all other respects substantially complied with the requirements of the policy and violated none of its provisions; and that the value of the goods destroyed by the fire was sufficient to warrant the verdict returned.

The view of the testimony above expressed disposes of the first and fifth assignments of error.

The second and third assignments are to the effect that by appellant insuring the property in the name of Bonnet Bros. he rendered the policy void under the clause providing that it should be void if the interest of the insured in the subject of insurance is otherwise than sole and exclusive ownership, or if his interest in the property be not truly stated. This question was disposed of on the former appeal of this case. Bonnet v. Ins. Co., 42 S. W. Rep., 316. See also Ostrander, Law of Ins., sec. 116, and cases cited.

The fourth assignment presents the following question: Defendant pleaded that the insured Bonnet had been indicted in Mexico (the fire took place in Porfirio Diaz) for arson in respect to this fire, and showed this fact by parol testimony. The defendant, over plaintiff's objection, was allowed to state that he had been tried in Porfirio Diaz and acquitted of the charge. This appellant assigns as error, because this was not the best evidence of the fact of acquittal. The criminal proceeding and its result had no relevancy or proper connection with the determination of this case, but of course such testimony would very naturally affect the finding of the jury. Under other conditions this assignment would be well taken, but we think appellant is not in a situation to complain of the matter. It showed the existence of the criminal proceeding by oral testimony, and it should not be allowed to complain if the result of the proceeding was shown by testimony of like character. This is a form of invited error. The principle is discussed, with authorities, in Elliott's Appellate Procedure, section 628.

*Affirmed.* .

Writ of error refused.